1  EILEEN M. DECKER
   United States Attorney
2  LEON W. WEIDMAN
   Assistant United States Attorney
3  Chief, Civil Division
   JASON K. AXE
4  Assistant United States Attorney
   California Bar Number 187101
5       Federal Building, Suite 7516
        300 North Los Angeles Street
6       Los Angeles, California 90012
        Telephone: (213) 894-8827
7       Facsimile: (213) 894-7819
        Email: Jason.Axe@usdoj.gov
8  Attorneys for Defendant

9                    UNITED STATES DISTRICT COURT

10                FOR THE CENTRAL DISTRICT OF CALIFORNIA

11                           SOUTHERN DIVISION

12 | ORLY TAITZ, | No. SACV 15-00508 CJC (JCGx)
13 | Plaintiff, | **(1) NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT, OR IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT;**
14 | v. |
15 | SYLVIA BURWELL, IN HER CAPACITY AS THE SECRETARY OF HHS, |
16 | | **(2) MEMORANDUM OF POINTS AND AUTHORITIES**
17 | Defendant. |
18 | | **[Fed. R. Civ. P. 12(b)(1,6), 56]**
19 | | Date: October 26, 2015
     | | Time: 1:30 p.m.
     | | Ctrm: Hon. Cormac J. Carney

# NOTICE OF MOTION AND MOTION TO DISMISS, OR IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT

PLEASE TAKE NOTICE that, on October 26, 2015, at 1:30 p.m., or as soon thereafter as the parties may be heard, defendant Sylvia Burwell, Secretary of Health and Human Services, will bring on for hearing a motion to dismiss Plaintiff's complaint, or in the alternative, for summary judgment. The hearing will take place before the Honorable Cormac J. Carney, United States District Judge, in his Courtroom, Ronald Reagan Federal Building, 411 W. 4th St., Santa Ana, CA 90012.

Defendant respectfully moves this Court to dismiss Plaintiff's complaint pursuant to Rules 12(b)(1) and (6) of the Federal Rules of Civil Procedure for lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted. Alternatively, Defendant moves this Court for summary judgment on Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 56.

This Motion is based on the Notice, the Memorandum of Points and Authorities, the Declarations of Kate Pearson and Katherine Norris, all of the pleadings on file with the Court, and upon such other and further arguments, documents, and grounds as may be advanced in the future.

This motion is made following the conference of counsel pursuant to L.R. 7-3 which took place on September 2, 2015.

Dated: September 21, 2015     Respectfully submitted,

EILEEN M. DECKER
United States Attorney
LEON W. WEIDMAN
Assistant United States Attorney
Chief, Civil Division


    /s/ *Jason K. Axe*
JASON K. AXE
Assistant United States Attorney
Attorneys for Defendant

1

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION AND SUMMARY OF ARGUMENT

On December 18, 2014, plaintiff Orly Taitz filed a complaint against Sylvia Burwell, in her capacity as the Secretary of the Department of Health and Human Services ("HHS"). The complaint asserts that the Centers for Disease Control and Prevention ("CDC"), a federal agency under the HHS, failed to properly respond to a request Plaintiff made under the Freedom of Information Act on November 2, 2014.

Plaintiff's complaint must be dismissed because she has not named the proper defendant in this case. Even if the proper defendant were substituted, judgment should be entered in favor of the federal government because the CDC has conducted searches that were reasonably calculated to uncover all responsive records, and it has fully responded to Plaintiff's FOIA request, thus making her complaint moot.

## II. STATEMENT OF FACTS

On November 2, 2014, Plaintiff submitted a FOIA request to the CDC. (Complaint at 5-6.) In her request, Plaintiff sought the following documents:

    a. A form quarantine order;
    b. Quarantine/isolation orders issued for Ebola patients or individuals exposed to Ebola;
    c. Tuberculosis quarantine/isolation orders issued since 2012;
    d. Enterovirus D-68 quarantine/isolation orders issued since 2012;
    e. Any other quarantine/isolation orders issued since 2012;
    f. Certification of Ebola Risk level;
    g. Prediction of total Ebola cases expected by January 2015;
    h. Documents showing quarantine/isolation of sick individuals "in HHS camps created to accommodate the surge of minor illegal aliens from 2012-2014.";
    i. Documents relating to rabies quarantine.

(Pearson Decl. ¶ 4; Norris Decl. ¶ 5.)

On November 3, 2014, CDC acknowledged receipt of the FOIA request and

indicated that it would be forwarded to its FOIA office on Plaintiff's behalf. (Complaint at 3-4.) On December 18, 2014, Plaintiff filed an action in the United States District Court, Southern District of Texas, naming Sylvia Burwell, Secretary of Health and Human Services as the defendant and challenging the CDC's failure to properly respond to her FOIA request. (DN #1).

The CDC conducted searches for the documents, as set forth in the attached declarations of Kate Pearson and Katherine Norris. (See generally Norris and Pearson declarations.) Following those searches, Plaintiff was provided with the following documents:

   a.   32 pages of template form quarantine and isolation orders (Pearson Decl. ¶ 4);
   b.   1 quarantine order located from a search of the Quarantine Activity Reporting System ("QARS") for the dates requested (Pearson Decl. ¶¶ 5-6);
   c.   29 pages of documents responsive to Plaintiff's search request for "Certification of Ebola Risk level" and "Prediction of total Ebola cases expected by January 2015" (Norris Decl. ¶¶ 7-8).

A total of 73 pages of responsive documents were located in the searches. (Norris Decl. ¶ 9.) Eight pages were released with redactions under FOIA Exemption 6, with the redacted information consisting of identifying information about an individual subject to an isolation order.[1] (Id.) The remaining 65 pages were released in full. (Id.)

On January 23, 2015, the CDC provided Plaintiff with the responsive documents. (DN #4-1.) On February 4, 2015, Defendant filed a motion to dismiss asserting that Plaintiff's action was moot because the CDC had fully complied with Plaintiff's FOIA request. (DN #4.) On March 31, 2015, the District Court in the Southern District of Texas issued an order transferring this case to this Court because it is district in which Plaintiff resides. (DN #10.) On September 16, 2015, this Court issued an order denying Defendant's motion to dismiss without prejudice. (DN #16.)

---

[1] Plaintiff has indicated that she is not challenging the Exemption 6 redactions.

3

## III. ARGUMENT

### A. Overview of the Standard of Review in FOIA Cases

The United States can only be sued to the extent that it has waived its sovereign immunity. Baker v. United States, 817 F.2d 560, 562 (9th Cir. 1987). The waiver of sovereign immunity under the FOIA permits the Court to have jurisdiction "to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant." 5 U.S.C. § 552(a)(4)(B). Federal jurisdiction to order disclosure is dependent on a showing that an agency has (1) "improperly" (2) "withheld" (3) "agency records." Spurlock v. FBI, 69 F.3d 1010, 1015 (9th Cir. 1995) (quoting Kissinger v. Reporters Comm. for Freedom of Press, 445 U.S. 136, 150, 100 S. Ct. 960, 968, 63 L. Ed. 2d 267 (1980)). "Unless each of these criteria is met, a district court lacks jurisdiction to devise remedies to force an agency to comply with the FOIA's disclosure requirements." Spurlock, 69 F.3d at 1015 (quoting Dep't of Justice v. Tax Analysts, 492 U.S. 136, 142, 109 S. Ct. 2841, 2846-47, 106 L. Ed. 2d 112 (1989)). Thus, the Court only has jurisdiction over agency records or documents that are improperly withheld.

If during litigation it is determined that all documents responsive to the underlying FOIA request have been released in full to the requester, courts generally dismiss the suit as moot because there is no justiciable case or controversy. See, e.g., Heily v. DOD, 896 F. Supp. 2d 25 (D.D.C. 2012) (finding that plaintiff received the requested documents while case was pending making plaintiff's claim under FOIA moot); Williams & Connolly v. SEC, 662 F.3d 1240, 1240 (D.C. Cir. 2011) (affirming judgment of district court that controversy is moot with respect to eleven sets of documents that were provided to plaintiff in full in connection with criminal prosecution); Isasi v. Off. of the Att'y Gen., No. 09-5122, 2010 U.S. App. LEXIS 11409, at *2-3 (D.C. Cir. June 2, 2010) (per curiam) (concluding that FOIA action was properly dismissed as moot where requested records were released in full to plaintiff and no additional issues remained); Cornucopia Inst. v. USDA, 560 F.3d 673, 675-78 (7th Cir. 2009) (concluding that agency's production of documents, the completeness of which was uncontested, mooted

plaintiff's claims); Brown v. DOJ, 169 F. App'x 537, 540 (11th Cir. 2006) (holding that FOIA claim became moot when documents were released); N.Y. Times Co. v. FBI, 822 F. Supp. 2d 426, 431 (S.D.N.Y. 2011) (granting defendant's motion to dismiss for lack of subject matter jurisdiction where FBI provided an unredacted copy of requested report); Von Grabe v. DHS, No. 09-2162, 2010 WL 3516491, at *4 (M.D. Fla. Sept. 3, 2010) (dismissing FOIA claim as moot where requested record was released during course of litigation); Dasta v. Lappin, 657 F. Supp. 2d 29, 32 (D.D.C. 2009) (concluding that the matter is moot where BOP "established that it released in full the records plaintiff requested"); cf. Haji v. ATF, No. 03-847, 2004 WL 1783625, at *2-3 (S.D.N.Y. Aug. 10, 2004) (holding that plaintiff's request is moot because requested files, if ever in existence, were destroyed at World Trade Center during attacks of September 11, 2001).

FOIA cases are typically decided on motions for summary judgment. See Lane v. DOI, 523 F.3d 1128, 1134 (9th Cir. 2008) (citing Miscavige v. IRS, 2 F.3d 366, 368 (11th Cir. 1993)). In FOIA suits, to be entitled to summary judgment, the agency must prove that each document (1) was produced, (2) was not withheld, (3) is unidentifiable, or (4) is exempt from disclosure. Kissinger, 445 U.S. at 150, 100 S. Ct. 960, 63 L. Ed. 2d 267; Weisberg v. U.S. Dep't of Justice, 627 F.2d 365, 368 (D.C. Cir. 1980). To meet its burden, the agency may rely on affidavits or declarations and other evidence which shows that the documents are exempt from disclosure. Milner, 575 F.3d at 959; Church of Scientology v. U.S. Dep't of Army, 611 F.2d 738, 742 (9th Cir. 1979); Hayden v. Nat'l Sec. Agency/Central Sec. Serv., 608 F.2d 1381, 1386 (D.C. Cir. 1979).

When the pleadings, supplemented by affidavits or declarations, show no genuine issue as to any material fact and the defendant is entitled to judgment as a matter of law, summary judgment should be granted. Bieghler v. Kleppe, 633 F.2d 531, 532-33 (9th Cir. 1980).

### B. Plaintiff's Complaint Must Be Dismissed Because She Has Not Named The Proper Defendant In This Case

The head of an agency or other agency officials sued in their official capacities are not proper party defendants under FOIA. See, e.g., Cullinane v. Arnold, 1988 WL 241510 (C.D. Cal.) (citing Thompson v. Walbran, 990 F.2d 403, 305 (8th Cir.1993)). Here, Plaintiff has named Sylvia Burwell as the defendant, rather than the Department of Health and Human Services. Therefore, Plaintiff's complaint must be dismissed.

### C. The CDC's Search Was Reasonable

If the Court considers this filing as a motion for summary judgment, it must evaluate the search conducted by the agency to the extent that search is challenged by Plaintiff. The agency's burden is to establish that it has conducted a search reasonably calculated to uncover all responsive records. See Oglesby v. U.S. Dep't of Army, 920 F.2d 57, 68 (D.C. Cir. 1990); Zemansky v. EPA, 767 F.2d 569, 571 (9th Cir. 1985). The issue is not whether there might exist any other records possibly responsive to the request, but rather whether the search for responsive records was reasonable. Citizens Comm'n on Human Rights, 45 F.3d at 1328; Zemansky, 767 F.2d at 571; Weisberg v. U.S. Dep't of Justice, 745 F.2d 1476, 1485 (D.C. Cir. 1984); Gordon v. FBI, 388 F. Supp. 2d 1028, 1042 (N.D. Cal. 2005).

The agency can establish the reasonableness of its search by affidavits if they are relatively detailed, non-conclusory, and in good faith. Zemansky, 767 F.2d at 573; Perry v. Block, 684 F.2d 121, 126 (D.C. Cir. 1982). If the agency submits such affidavits showing the scope and method of the search, then in the absence of countervailing evidence, or apparent inconsistency of proof, dismissal or summary judgment is appropriate. Perry, 684 F.2d at 127.

The agency's search should be reasonably calculated to uncover all responsive records. Weisberg, 745 F.2d at 1485. Therefore, an agency should search those offices or components reasonably likely to have responsive records. Knight v. FDA, 938 F. Supp. 710, 716 (D. Kan. 1996). The FOIA does not require that an agency search every division or field office on its own initiative in response to a FOIA request when

6

responsive documents are likely to be located in one place. Marks v. United States, 578 F.2d 261, 263 (9th Cir. 1978). The FOIA does not require that an agency search every record system. Oglesby, 920 F.2d at 68. Furthermore, the agency is not required to speculate about potential leads to the location of the responsive documents. Kowalczyk v. Dep't of Justice, 73 F.3d 386, 389 (D.C. Cir. 1996). The agency is not obliged to look beyond the four corners of the request for leads to the location of responsive documents. Id. If a requester discovers leads in the documents he receives from the agency, he may pursue those leads through a second FOIA request. Id.

Even if a requested document exists or once existed, summary judgment will not be defeated by an unsuccessful search for the document, so long as the search was diligent. See Nation Mag. v. U.S. Customs Serv., 71 F.3d 885, 892 n.7 (D.C. Cir. 1995); Citizens Comm'n on Human Rights, 45 F.3d at 1328; Maynard v. CIA, 986 F.2d 547, 564 (1st Cir. 1993). The FOIA does not require the agency to document the fate of documents it cannot find. See Miller v. U.S. Dep't of State, 779 F.2d 1378, 1385 (8th Cir. 1985).

Finally, agencies are not required to create records to respond to a FOIA request. See, e.g., NLRB v. Sears, Roebuck & Co., 421 U.S. 132, 162, 95 S. Ct. 1504, 44 L. Ed. 2d 29 (1975); Goldgar v. Office of Admin., 26 F.3d 32, 35 (5th Cir. 1994); Yeager v. Drug Enforcement Admin., 678 F.2d 315, 321-23 (1982); Krohn v. Dep't of Justice, 628 F.2d 195, 197-98 (D.C. Cir. 1980).

Here, the CDC has met its burden to perform adequate searches for responsive records. In processing Plaintiff's FOIA request, searches were conducted as set forth in the attached declarations of Kate Pearson and Katherine Norris. (Pearson Decl. ¶¶ 4-7; Norris Decl. ¶¶ 7-8.) Where no documents were located, the declarations explain why the CDC is not in possession of such documents. (Pearson Decl. ¶¶ 8-13.)

Therefore, this Court should find that the CDC's searches were reasonably calculated to uncover all responsive records.

### D. Plaintiff's FOIA Claim Is Moot

As set forth in the Norris and Pearson declarations, the CDC has conducted reasonable searches, and Plaintiff has been provided all responsive documents in the CDC's possession.[2] Therefore, Plaintiffs' action is now moot and Plaintiff's action should be dismissed.

## IV. CONCLUSION

For the reasons set forth herein, Defendant respectfully requests that she be dismissed from Plaintiff's action, or in the alternative (if the Court permits substitution of the proper party), judgment should be entered in favor of the Department of Health and Human Services.

Dated: September 21, 2015	Respectfully submitted,

EILEEN M. DECKER
United States Attorney
LEON W. WEIDMAN
Assistant United States Attorney
Chief, Civil Division

　/s/ *Jason K. Axe*
JASON K. AXE
Assistant United States Attorney
Attorneys for Defendant

---

[2] As noted above, eight pages contain information withheld pursuant to Exemption 6, but Plaintiff has indicated that she is not challenging those withholdings.

8